IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUELYN ASBIE,**<br>**Plaintiff,**<br><br>v.<br><br>**YUSLEIDYS PADILLA, YP TRANSPORT LLC, JOHN DOES 1-10, ABC CO. 1-10,**<br>**Defendants.** | CIVIL ACTION<br><br><br><br>NO.  24-1637 |

## MEMORANDUM OPINION

Defendants Yusleidys Padilla and YP Transport LLC ("YP Transport") move to dismiss Plaintiff Jacquelyn Asbie's Complaint against them for damages arising out of a car crash in which she sustained serious injuries, both because Asbie failed to include another driver who was involved in the crash in the case, Fed. R. Civ. P. 12(b)(7), and because her Complaint does not plausibly entitle her to relief, Fed. R. Civ. P. 12(b)(6).  For the reasons laid out below, Defendants' Motion will be granted in part and denied in part.

I.   BACKGROUND[1]

Asbie alleges that, on May 1, 2022, she was driving eastbound in the right lane of Interstate 80 ("I-80") when her car "was pushed into the shoulder lane by another vehicle." Padilla, who was driving a tractor-trailer for YP Transport, had pulled over into the highway's shoulder "directly adjacent to the lane" that Asbie was driving in after "she heard noises coming from her truck" and had stopped to "inspect for any issues."  Padilla had failed to activate her hazard lights or put out warning triangles or flares.  Asbie's car struck Padilla's tractor-trailer, and she suffered "severe and permanent injuries."  Asbie sued Padilla and YP Transport for

---

[1] The below factual recitation is taken from Asbie's Complaint, well-pleaded allegations from which are taken as true at this stage.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

negligence and negligent entrustment.[2]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

## III. DISCUSSION

### A. Failure to Join a Required Party

Defendants first argue that the driver of the car that "pushed" Asbie into the shoulder is a required party, and failure to join that person therefore requires dismissal pursuant to Rule 19 of the Federal Rules of Civil Procedure.[3] Fed. R. Civ. P. 12(b)(7). That portion of their Motion will be denied.

---

[2] She filed her Complaint in the Court of Common Pleas for Philadelphia County from which Defendants removed it to federal court pursuant to 28 U.S.C. § 1441(b). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Asbie is a citizen of New York, Padilla is a citizen of Nebraska, and YP Transport is a Nebraska corporation with its principal place of business in Nebraska, so the parties are completely diverse. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Moreover, the Complaint presses multiple causes of action that, in aggregate, allege more than $75,000 in damages, so the amount-in-controversy requirement is satisfied. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997).

[3] Asbie revealed in her Opposition to Defendants' Motion that she "has settled her claims against this driver."

There are two steps to be taken in deciding whether a party must be joined under Rule 19. First, the court "must determine whether the absent [party] should be joined as 'necessary' parties under Rule 19(a)." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).  That rule requires that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

Fed. R. Civ. P. 19(a)(1).[4]  If the absent party is covered by Rule 19(a), and if "joinder is not feasible because it would defeat subject-matter jurisdiction," *Kim v. Hanlon*, 2024 WL 1342568, at *5 (D.N.J. Mar. 29, 2024), a court, as a second step, "must determine whether the absent parties are 'indispensable' under Rule 19(b)," *Gen. Refractories*, 500 F.3d at 312 (citing *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993)).  That rule, in turn, calls for an inquiry into "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).  This is a multi-factor analysis, which examines, among other things, "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties," the extent to which any such prejudice can be alleviated, "whether a judgment rendered in the person's absence would be adequate," and "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*  "[A] finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction." *Gen. Refractories*, 500 F.3d at 319.

Defendants argue that the driver of the car that caused Asbie to steer her car on to the

---

[4] Defendants' briefs do not include an argument that they are proceeding under Rule 19(a)(1)(B).

shoulder is a required party because "any assignment of liability" in this case "will inevitably include an evaluation of" that driver's conduct, and non-joinder would lead to "the real potential for an unsupported amount of liability to be assigned to them."  In doing so, the Court understands Defendants to be arguing that, in the other driver's absence, complete relief cannot be accorded between the parties here.  Fed. R. Civ. P. 19(a)(1)(A).  To the extent that Defendants mean that the driver is a potential joint tortfeasor in this case, that is not a basis to require joinder.  *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); *see In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 408 (3d Cir. 2017).  And while the other driver might be a crucial witness in this case, that does not, without more, make him or her a required party either.  *See, e.g.*, *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999), *abrogated on other grounds by United States v. Wong*, 575 U.S. 402 (2015); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983).  If Defendants believe that the other driver caused the accident, "then [they] may commence an action against the driver.  That is [their] *option*.  Commencement of such an action is not plaintiff's *obligation*."  *Bike v. Am. Motors Corp.*, 99 F.R.D. 276, 278 (E.D. Pa. 1983).  Defendants' Motion therefore will be denied in this respect.

### B. Motion to Dismiss for Failure to State a Claim

Defendants also argue that Asbie's Complaint fails to plausibly state a claim for relief.  Fed. R. Civ. P. 12(b)(6).  For the reasons laid out below, that portion of Defendants' Motion will be granted.

#### i. Negligence

A negligence claim requires that a plaintiff establish: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages."  *Toro v. Fitness Int'l LLC*, 150 A.3d 968, 976-77 (Pa. Super. 2016).  Defendants argue that Asbie's negligence claim fails for two reasons.  First, they argue

4

that Padilla's decision to park the tractor-trailer on the shoulder of the highway did not breach any legal duty. Second, they argue that the third driver's actions, not Padilla's, were the proximate cause of Asbie's injuries.

### a. Duty and Breach

The Complaint alleges two theories of liability: ordinary negligence and negligence *per se*, which Defendants seek to dismiss. Based on the caselaw cited in the parties' briefs, Defendants' Motion will be granted. Negligence *per se* "establishes the elements of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent a public harm." *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1058 (Pa. Super. 2003) (citation omitted). Asbie argues that, by parking on the shoulder of I-80, Padilla violated a provision of Pennsylvania's transportation regulations, which provides that "[a] vehicle may not be stopped, left standing, parked, loaded or unloaded on a traffic, acceleration or deceleration lane, or on the shoulder adjacent thereto."[5] 67 Pa. Code § 601.6(a). But that regulation includes an exception for emergencies, in which case stopping "is permitted on the shoulder to the right of the travel lanes facing with the direction of travel when the wheels of the vehicle and the projecting parts of the body or load are safely off and to the right of the travel lanes." *Id.* In such an emergency, a car "may not remain there longer than necessary to meet" it. *Id.* § 601.6(b).

Here, Asbie's Complaint concedes that Padilla pulled over after "she heard noises coming from her truck." By its own terms, then, it alleges that Padilla was entitled to avail herself of the regulation's emergency exception. Asbie, therefore, fails to allege a violation of a

---

[5] Asbie does not identify this regulation in her Complaint, but when alleging negligence, "a party need not specifically plead the Act of Assembly ostensibly violated," so long as "sufficient facts [are] pleaded to bring the case within the appropriate statute." *Commonwealth v. Shipley Humble Oil Co.*, 370 A.2d 438, 440 (Pa. Commw. 1977) (citations omitted).

statute, a necessary precondition of a negligence *per se* claim. In addition, Asbie advances no argument as to why she plausibly has alleged that Padilla otherwise breached the standard of care, thus waiving her ordinary negligence theory of liability. *Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp.3d 701, 712 (E.D. Pa. 2016); *see* E.D. Pa. Local Civ. R. 7.1(c). Defendants' Motion therefore will be granted with prejudice on this portion of Asbie's negligence claim.

      b.   Proximate Cause

And even if Asbie had plausibly alleged breach of a legal duty, her Complaint fails to allege that Padilla's conduct was the proximate cause of her injuries. "Proximate cause is a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of defendant, . . . and it may be established by evidence that the defendant's negligent act or failure to act was a substantial factor in bringing about the plaintiff's harm." *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978) (citations omitted). A defendant's conduct is not "a substantial factor in bringing about" an injury where, "looking retrospectively from the harm through the sequence of events by which it was produced, it is so extraordinary as not to have been reasonably foreseeable." *Vattimo v. Lower Bucks Hosp. Inc.*, 465 A.2d 1231, 1237 (Pa. 1983); *see* Restatement (Second) of Torts § 433. In such cases, a "superseding cause" led to the plaintiff's injuries, and the defendant is relieved of liability. *See Von der Heide v. Commonwealth*, 718 A.2d 286, 288 (Pa. 1998) (quoting Restatement (Second) of Torts § 440).

Defendants argue that, by forcing Asbie into I-80's shoulder, the other driver's conduct was a superseding cause of her injuries. In doing so, they correctly point out that this case resembles *Lux v. Gerald E. Ort Trucking, Inc.*, another case involving two traffic incidents. 887 A.2d 1281 (Pa. Super. 2005). In the first, a truck driver hit the defendant-appellee, who left the scene. *Id.* at 1284. The plaintiff-appellant, a police officer, responded to that crash but was deprived of the assistance of a colleague who was forced to leave to search for the defendant-

6

appellee. *Id.* While at the scene, the plaintiff-appellant was hit from behind and paralyzed by a second trucker who had fallen asleep at the wheel. *Id.* The police officer sued, alleging that the defendant-appellee was negligent in, among other things, "driving in a careless and reckless fashion," "fleeing the scene of the first collision, without identifying himself," and "causing law enforcement officials . . . to be required to leave the scene of the first collision in order to apprehend and arrest him, thus diverting them from activities in securing and safeguarding the scene of the first collision." *Id.* But the Superior Court held that the defendant-appellee's wrongful conduct was not a substantial factor in the officer's injuries. *Id.* at 1288. "It appear[ed] highly extraordinary that Appellee fleeing from the scene could have caused [the second truck driver], who . . . fell asleep at the wheel, to collide with Appellant's vehicle and ultimately result in Appellant's injuries." *Id.*

Here, similarly, the third car's alleged negligence in "push[ing]" Asbie into Padilla's path serves as a superseding cause of the crash. Defendants' Motion therefore will be granted with prejudice in this respect as well.

### ii. Negligent Entrustment

Finally, Asbie's Complaint also includes a claim for negligent entrustment against YP Transport. Although Defendants do not specifically raise an argument attacking this count, their argument in favor of dismissing Asbie's negligence claim disposes of her negligent entrustment claim as well.

"It is negligence to permit a third person to use a thing . . . which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing . . . in such a manner as to create an unreasonable risk of harm to others." *Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. 1998) (quoting Restatement (Second) of Torts § 308). In negligent entrustment cases, "liability is imposed upon a defendant because of his or her own

7

actions in relation to the instrumentality or activity under his or her control." *Id.* (citing *Christiansen v. Silfies*, 667 A.2d 396, 400 (Pa. Super. 1995)). "However, [Pennsylvania] cases do require that the entrustee be causally negligent before the entrustor may be held liable through negligent entrustment." *Christiansen*, 667 A.2d at 400. Because, as discussed above, Asbie has failed to plausibly plead that Padilla's conduct was the proximate cause of her injuries, this claim will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted in part and denied in part.

An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**